A02A1227. YAGER v. WAL-MART STORES, INC. et al.
(570 SE2d 650)

ANDREWS, Presiding Judge.

Tracy Yager appeals from the trial court's order granting summary judgment to Wal-Mart Stores, Inc. on Yager's claim for damages after she was hit in the ear with a stream of water from a "super-soaker" water gun. Because the record shows that Wal-Mart did not have actual or constructive knowledge of the hazard, we affirm.

Summary judgment is proper when the evidence, construed in the nonmovant's favor, shows no issue of material fact remains and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c).

> A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged

by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue [of fact].

*Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

The record shows that Tracy Wetherington, now Yager, and her fiancé Chris Yager[1] arrived at Wal-Mart at approximately 11:00 on the night in question. They had come to buy a water gun for Tracy Yager's son and went directly to the toy department. They did not see any Wal-Mart employees on the aisle while they were there.

The "super-soaker" water guns were displayed in open boxes with the guns fastened down with plastic ties. Chris Yager testified that one of the guns was not in a box and he took this gun off the shelf. Yager said he could not tell that the gun had water in it when he picked it up. He pulled the trigger and shot Tracy Yager in the ear from a distance of approximately 18 inches. Yager said he knew where the gun was pointing when he pulled the trigger but he "didn't pay that much attention to it."

Sara McMullen, the Wal-Mart employee responsible for the toy department that night, testified that her shift was over at 11:00 p.m. and she walked through the department at approximately ten minutes before 11:00. She said that she did not see any guns out of their boxes and if she had, she would have removed them from the aisle.

The trial court granted summary judgment to Wal-Mart, holding that Yager had not met her burden of pointing out evidence sufficient to raise any issue of fact for trial. This appeal followed.

An owner or occupier of land is liable in damages to invitees who come upon the land for injuries occasioned by his failure to exercise ordinary care in keeping the premises safe. OCGA § 51-3-1. The invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier. *Robinson v. Kroger Co.*, 268 Ga. 735 (493 SE2d 403) (1997). When undertaking the duty to keep the premises safe by the exercise of ordinary care, this includes inspecting the premises to discover anticipated dangerous conditions about which the owner does not have actual knowledge and taking reasonable precautions to protect invitees from dangers

---

[1] The Yagers were not married at the time of the accident but were at the time this case was filed.

foreseeable from the use of the premises. OCGA § 51-3-1; *Robinson*, supra at 740.

In this case, the Wal-Mart employee in charge of the toy department on the night in question stated that she did a walk-through inspection of the whole department approximately ten minutes before this accident and there were no super-soakers lying on the shelves outside of their boxes. But, even without this testimony, Wal-Mart is entitled to summary judgment because a water gun lying on a shelf in the toy department is not a hazard.

" '[I]t is a well settled principle of negligence law that the occurrence of an unfortunate event is not sufficient to authorize an inference of negligence.' " *Christopher v. Donna's Country Store*, 236 Ga. App. 219, 220 (1) (511 SE2d 579) (1999). Moreover, there is no duty to foresee dangers which are not reasonably expected and which would not occur except from unexpected acts. *Sutton v. Sutton*, 145 Ga. App. 22, 25 (243 SE2d 310) (1978). If a third party's misconduct causes injury to a plaintiff while on the premises, the inquiry is whether the proprietor had superior knowledge of the danger that a third party would so act. *Brownlee v. Winn-Dixie Atlanta*, 240 Ga. App. 368, 370 (523 SE2d 596) (1999).

In the instant case, Yager has not pointed to any evidence of prior similar occurrences such that Wal-Mart could reasonably foresee that its actions or inactions would cause injury to Yager. McMullen testified that although she had occasionally seen customers playing with toys in the toy department, she saw no one playing with the water guns before the accident and in all her time at Wal-Mart had never found anyone tampering with the guns and filling them with water.

Therefore it follows that Yager has not introduced evidence sufficient to raise an issue of triable fact on Wal-Mart's superior knowledge of any dangerous condition. Accordingly, the trial court properly granted summary judgment to Wal-Mart on Yager's claim.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED AUGUST 29, 2002.

*Charles L. Day*, for appellant.
*McLain & Merritt, Albert J. Decusati*, for appellees.