## A06A1449. WALKER v. BRUHN.
### (635 SE2d 322)

ANDREWS, Presiding Judge.

David Walker appeals from the trial court's grant of summary judgment to Chuck Bruhn d/b/a Best Pawn (Bruhn's) on Walker's personal injury claim. Walker sued Bruhn after being injured by a circular saw that was for sale at Bruhn's pawn shop. Bruhn moved for summary judgment on Walker's claims, contending that Walker could not show that Bruhn had any knowledge that the saw was defective. We agree and affirm.

Summary judgment is appropriate when the court, viewing all the facts and evidence and reasonable inferences from those facts in a light most favorable to the nonmovant, concludes that the evidence does not create a triable issue as to each essential element of the case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). On appeal from a grant of a motion for summary judgment, we review the evidence de novo to determine whether a genuine issue of fact remains and whether the moving party is entitled to judgment as a matter of law. *Burdick v. Govt. Employees Ins. Co.*, 277 Ga. App. 391 (626 SE2d 587) (2006).

The evidence below was that on the day of the accident, Walker was "hanging out" at Bruhn's pawn shop because Tony Neal, his fiancée's brother, worked there. Walker said that Neal was busy with another customer when someone came in and asked to see the circular saw on display. Walker got the saw and handed it to the customer. The customer then asked to have the saw plugged in to make sure it worked. Walker bent down and plugged the cord into the socket. The saw immediately started running. Before Walker could get out of the way, the saw cut into his arm and seriously injured him.

In support of his motion for summary judgment, Bruhn submitted the affidavit of Tony Neal, the store manager. Neal stated that when the circular saw was brought in, he inspected it to make sure it was working properly before accepting it. Neal plugged the saw in and squeezed the trigger, and the saw operated safely with no problems. Neal said they would not have accepted the saw if it had not functioned properly.

The saw was stored for 40 days and then was brought out and displayed in the shop. Neal said he never observed or experienced any problems with the saw. After Walker's accident, Neal said he took the saw and plugged it in, but it did not activate until he squeezed the trigger. He then unplugged it, plugged it back in and it activated immediately. Further tests showed that the saw continued to operate in this way, alternating between functioning properly and improperly. Bruhn also stated that he tested the saw and it came on the first time he plugged it in and after that it malfunctioned intermittently.

Bruhn moved for summary judgment, contending that, before Walker's accident, neither he nor any of his employees had any knowledge, either actual or constructive, of the defect in the saw. The trial court granted the motion and this appeal followed.

"Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." OCGA § 51-3-1. A proprietor's obligation to keep the premises safe includes "a duty to inspect the premises to discover possible dangerous conditions of which he does not know and to take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement and use of the premises." (Punctuation omitted.) *Anderson v. Svc. Merchandise Co.*, 230 Ga. App. 551, 552 (496 SE2d 743) (1998).

> The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is known to the owner and not known to the person injured that a recovery is permitted.

(Punctuation and emphasis omitted.) *Ballard v. Southern Regional Med. Center*, 216 Ga. App. 96, 97 (453 SE2d 123) (1995).

Here, it is undisputed that neither Bruhn, Neal nor anyone else at the pawn shop had actual knowledge of the hazard. Therefore, Walker must show that the pawn shop had constructive knowledge that the saw was defective.

Constructive knowledge can be established with evidence that the defect in the saw was easily noticeable and should have been corrected, or that Bruhn's pawn shop failed to exercise reasonable care in inspecting the saw. It is undisputed that the problem with the saw was not visible. Thus, the evidence must show that Bruhn's failed to exercise reasonable care in inspecting the saw. Walker has not submitted any evidence that Bruhn's pawn shop failed to exercise reasonable care in inspecting the saw. The only evidence on this issue is Bruhn's and Neal's testimony that before lending money on any piece of equipment, it is inspected thoroughly to make sure it is in safe working order. The undisputed evidence is that this inspection was performed on the saw before accepting it. The saw worked when it was inspected and nothing in the inspection put Bruhn's on notice that the saw could subsequently malfunction. Further, although Walker contends that Neal's credibility is an issue for a jury, Walker has submitted no evidence calling into question Neal's credibility.

Accordingly, because Bruhn's had no actual knowledge that the saw would malfunction after being plugged in, and Walker has submitted no evidence that it had constructive knowledge of the hazard posed by the saw, Walker cannot satisfy at least one essential element of his claim. It follows that the trial court did not err in granting Bruhn's motion for summary judgment.

Walker also contends that the trial court erred in granting Bruhn's motion to quash a subpoena for production of the saw at the hearing on the summary judgment motion. The record shows that during discovery, Walker asked for an opportunity to inspect the saw. As Bruhn's points out, and Walker does not deny, he was given every opportunity to do so. Moreover, on April 20, 2005, the court extended the discovery period until July 15, 2005, to allow Walker additional time to inspect the saw. Walker does not dispute that he failed to do so. Instead, several months after the close of discovery, and three years after the incident giving rise to this lawsuit, Walker subpoenaed the saw for purposes of demonstration at the summary judgment hearing. Bruhn filed a motion to quash the subpoena, claiming that too much time had passed, and the manner in which the saw was currently operating was irrelevant to the issues before the court. We agree.

It is undisputed that Bruhn's made the saw available for Walker's inspection during discovery and he did not respond. Walker makes no mention on appeal of his failure to inspect the saw during discovery, merely contending that because he could not demonstrate the saw at the hearing, he was not given an opportunity to fully present his case.

"OCGA § 24-10-22 (b) (1) gives the trial court discretion upon timely motion to quash or modify such a subpoena if it is unreasonable and oppressive. This standard is tested by the peculiar facts arising from the subpoena itself and other proper sources." (Punctuation omitted.) *Blake v. Spears*, 254 Ga. App. 21, 23 (561 SE2d 173) (2002). Items that are neither pertinent nor relevant need not be produced. *Horton v. Huiet*, 113 Ga. App. 166, 169 (147 SE2d 669) (1966). As Bruhn points out, he does not dispute that the saw was malfunctioning, at least periodically, at the time of Walker's accident. The manner in which the saw was functioning three years later, at the time of the summary judgment hearing, is not relevant. Moreover, Walker was given every opportunity to inspect and test the saw during the discovery period and he chose not to do so. Therefore, because Walker has made no showing of substantial need or undue hardship, we cannot say that the trial court abused its broad discretion by granting Bruhn's motion to quash the subpoena. *Meyer v. Ledford*, 170 Ga. App. 245, 248 (316 SE2d 804) (1984).

*Judgment affirmed. Barnes and Bernes, JJ., concur.*

DECIDED JULY 28, 2006 —
RECONSIDERATION DENIED AUGUST 16, 2006 —

*John C. Wise, Jack T. Brinkley, Jr.*, for appellant.
*Owen, Gleaton, Egan, Jones & Sweeney, James Valbrun, Philippa V. Ellis*, for appellee.