A07A0862. ROBERTS v. WAL-MART STORES, INC.
(651 SE2d 464)

ANDREWS, Presiding Judge.

This case is before us on Tina Roberts' claim for damages after her four-year-old son Austin took a BB gun from the shelf at Wal-Mart and shot his six-year-old brother Erik in the head. The trial court granted Wal-Mart's motion for summary judgment, and Roberts now appeals. For reasons that follow, we affirm.

Summary judgment is proper when the evidence, construed in the nonmovant's favor, shows no issue of material fact remains and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions, and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the non-moving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue of fact. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

---

[11] *Wallace*, supra.
[12] (Citation omitted.) *Horan v. Pirkle*, 197 Ga. App. 151, 153 (2) (397 SE2d 734) (1990).

The undisputed evidence below was that on the day of the accident, Tina Roberts took her two sons, Erik and Austin, to Wal-Mart to buy pet supplies. While Erik and his mother were looking at items on a shelf across the aisle, Austin picked up a BB gun from another shelf and fired it at Erik, hitting him in the head. Tina Roberts sued Wal-Mart on behalf of Erik and also individually for loss of services.[1]

Wal-Mart moved for summary judgment, contending that it had no actual or constructive knowledge of the danger posed by the BB gun and also, assuming that someone other than Austin Roberts loaded the BBs into the gun, this type of accident was not foreseeable. Wal-Mart submitted evidence that no one in the store had ever been shot or otherwise harmed by BB guns. It also submitted evidence that the BB guns were displayed in a manner consistent with industry standards and were in the "safest packaging available consistent with industry standards." The trial court granted Wal-Mart's motion, and this appeal followed.

An owner or occupier of land is liable in damages to invitees who come upon the land for injuries caused by his failure to exercise ordinary care in keeping the premises safe. OCGA § 51-3-1. The invitee must show (1) that the defendant had actual or constructive knowledge of the hazard and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner. *Robinson v. Kroger Co.*, 268 Ga. 735 (493 SE2d 403) (1997).

> When undertaking the duty to keep the premises safe by the exercise of ordinary care, this includes inspecting the premises to discover anticipated dangerous conditions about which the owner does not have actual knowledge and taking reasonable precautions to protect invitees from dangers foreseeable from the use of the premises. OCGA § 51-3-1; *Robinson*, supra at 740. . . . It is a well settled principle of negligence law that the occurrence of an unfortunate event is not sufficient to authorize an inference of negligence. *Christopher v. Donna's Country Store*, 236 Ga. App. 219, 220 (1) (511 SE2d 579) (1999). Moreover, there is no duty to foresee dangers which are not reasonably expected and which would not occur except from unexpected acts. *Sutton v. Sutton*, 145 Ga. App. 22, 25 (243 SE2d 310) (1978). If a

---

[1] Wal-Mart removed the case to federal court, but the case was subsequently remanded. The court found that there was no evidence that the amount in controversy would exceed $75,000.

third party's misconduct causes injury to a plaintiff while on the premises, the inquiry is whether the proprietor had superior knowledge of the danger that a third party would so act. *Brownlee v. Winn-Dixie Atlanta*, 240 Ga. App. 368, 370 (523 SE2d 596) (1999).

(Punctuation omitted.) *Yager v. Wal-Mart Stores*, 257 Ga. App. 215, 216-217 (570 SE2d 650) (2002).

On appeal, Roberts claims that Wal-Mart knew that there was a problem with BB gun packages being opened and also that the guns were kept on a shelf that was accessible to children. Therefore, Roberts argues, "[i]t was foreseeable and probable that a child would one day pick up one of these opened BB guns."

That, however, is not the issue. A BB gun that has been removed from its package is not a hazard. See *Yager*, supra at 217. The issue is, was it foreseeable that another customer would load one of the BB guns and leave it lying on the shelf so that an unsupervised four-year-old would take it and shoot his brother. Roberts has introduced no evidence that Wal-Mart was on notice that this type of accident could occur.

There had never been a shooting accident with an air gun of any type previous to this one. Roberts acknowledged that she never saw the gun before Austin shot his brother and did not see Austin shoot the gun. The undisputed evidence was that Wal-Mart had regular inspection procedures which were followed on the day of the accident. The sporting goods department manager testified that he personally inspected the BB gun shelf less than 30 minutes before the accident. At that time, there were no BB guns lying on the shelf outside their packages.

One of the sales people testified that she inspected the BB gun aisle 15 minutes before the accident and there were no air guns or BBs lying on the shelf outside their packages at that time. See *Smith v. Winn-Dixie Atlanta*, 203 Ga. App. 565, 566 (417 SE2d 202) (1992) (no negligence on part of proprietor where "foreign object had not been present for more than 10 to 15 minutes") (punctuation omitted). Accord *Mallory v. Piggly Wiggly Southern*, 200 Ga. App. 428, 430 (408 SE2d 443) (1991); *Mazur v. Food Giant*, 183 Ga. App. 453, 454 (359 SE2d 178) (1987).

In *Yager*, a case almost directly on point, the victim's fiancé took a "super soaker" water gun from a shelf at Wal-Mart and, apparently unaware that the gun had been filled with water, shot the victim in the ear. Id. at 216. This Court held that there was no evidence of similar occurrences such that Wal-Mart could reasonably anticipate this type of injury. Id. at 217.

Roberts has not pointed to any evidence of prior similar occurrences such that Wal-Mart could reasonably foresee that its actions or inactions could cause this injury. Although there was evidence that BB guns had been removed from their packages, there was no evidence that anyone had ever loaded a gun with BBs and shot someone.

It follows that because the undisputed evidence was that Wal-Mart had no knowledge of the hazard posed by the BB gun, and Roberts has not shown that it was reasonably foreseeable that this type of accident could occur, the trial court did not err in granting Wal-Mart's motion for summary judgment. See *Yager*, supra (no evidence that Wal-Mart had superior knowledge that someone would leave a loaded water gun on shelf); *Brownlee*, supra at 370 (no evidence that Winn-Dixie had superior knowledge that employee would engage in horseplay and spray customers with mace); *Elliott v. Burkhalter*, 173 Ga. App. 749 (327 SE2d 858) (1985) (although store owner was aware that children sometimes rode bikes on sidewalk outside entrance of store, it was not foreseeable that customer would be injured by bicyclist as she exited the store).

*Judgment affirmed. Ellington and Adams, JJ., concur.*

DECIDED AUGUST 22, 2007.

*Carr, Chason & FitzGerald, John K. FitzGerald*, for appellant.
*McLain & Merritt, Howard M. Lessinger, Albert J. Decusati, Dawn M. Rivera*, for appellee.