[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 27, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-13152
Non-Argument Calendar
_____

D. C. Docket No. 06-01383-CV-MHS-1

MCCOIE JONES,
as next Best Friend of DJ, a Minor,

Plaintiff-Appellant,

ANDREA JONES,
as next Best Friend of DJ, a Minor,

Plaintiff,

versus

WAL-MART STORES INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(November 27, 2007)**

Before ANDERSON, HULL and PRYOR, Circuit Judges.

PER CURIAM:

In this premises liability case, Plaintiff McCoie Jones, individually and on behalf of his minor son, DJ, appeals the district court's June 14, 2007 order granting summary judgment in favor of Defendant Wal-Mart Real Estate Business Trust d/b/a Wal-Mart Stores East, LP ("Wal-Mart")[1] on all claims in Jones's complaint. After review, we affirm.

The facts, described in more detail in the district court's order, are as follows. On December 7, 2005, DJ and his grandmother, Elizabeth Warner, visited the Wal-Mart store in Cedartown, Georgia, for Warner to have a prescription filled. While Warner was at the pharmacy counter, DJ, who was four years old at the time, was standing a few feet away, at or near a metal pamphlet rack. The pamphlet rack was connected to a counter next to the pharmacy wall and hung a few inches off the floor. The pamphlet rack fell straight down to the floor, landing on the top of DJ's foot. The impact fractured DJ's big toe. Jones sued Wal-Mart to recover medical, pain and suffering, and other damages.

Under Georgia law, an owner or occupier of land is liable for any injuries

---

[1]Originally, Jones had brought suit against Wal-Mart Stores, Inc., but after learning that the true party defendant was Wal-Mart Real Estate Business Trust, he amended his complaint to reflect this fact.

suffered by invitees onto his land that are caused by his failure to exercise ordinary care in keeping the premises safe. O.C.G.A. § 51-3-1. To recover, the invitee "must show (1) that the defendant had actual or constructive knowledge of the hazard and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner." Roberts v. Wal-Mart Stores, Inc., ___ S.E.2d ___, No. A07A0862, 2007 WL 2386461, at *1 (Ga. Ct. App. Aug. 22, 2007). The proprietor's liability is grounded in his "superior knowledge" of the hazard. See Ballard v. S. Reg'l Med. Ctr., 453 S.E.2d 123, 124 (Ga. Ct. App. 1995).

The district court concluded that there was no evidence that Wal-Mart had actual knowledge of the hazard. Furthermore, it held that no constructive knowledge could be imputed to Wal-Mart because, assuming that the pamphlet rack was defectively constructed or installed, Wal-Mart could not have easily seen (and thus eliminated) the hazardous condition. Finally, Jones had not offered any evidence that the defect existed a sufficient length of time that Wal-Mart should have discovered it during a reasonable inspection. Accordingly, the district court granted summary judgment to Wal-Mart.

After a de novo review,[2] we agree with the conclusions reached by the

---

[2]We review a grant of summary judgment de novo, applying the same legal standard as did the district court. Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc., 496 F.3d

3

district court in its thorough and well reasoned order. All of Jones's arguments on appeal lack merit, and only two of them warrant further discussion.

First, Jones claims that the district court, in determining that there was no evidence that Wal-Mart had actual knowledge of the hazard, ignored or misstated the deposition testimony of the store manager, Hope Radford. According to Jones, "Radford . . . testified that the [pamphlet] rack . . . was not mounted as it normally should have been" and "was not attached to the counter where it was supposed to be." This testimony, Jones contends, creates a jury question.

Radford's testimony does not support Jones's contention. In the relevant portion of his deposition, Radford stated, in reference to photographs taken of the pamphlet rack <u>after</u> the incident, that the pamphlet rack <u>as depicted in those photographs</u> was not mounted as such racks normally were supposed to be mounted, and was not attached to the counter. This is unsurprising, as the photographs show the pamphlet rack standing on the floor after it fell, and the parties agree that at the time of the incident the rack was hanging a few inches off the ground. Because Radford's testimony concerns the status of the pamphlet rack

1231, 1241 (11th Cir. 2007). Under that standard, we determine whether, viewing all facts and inferences in the light most favorable to the non-movant, there is no genuine issue as to any material fact. Id. Moreover, summary judgment is required against "[any] party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. (quotation marks and citation omitted).

after DJ's injury, instead of before it, this testimony is not material to the issue of whether Wal-Mart had superior knowledge, actual or constructive, of any defect before the rack fell. See Wiley v. Winn Dixie Stores, Inc., 420 S.E.2d 20, 21-22 (Ga. Ct. App. 1992) (holding, in a slip-and-fall premises liability case, that whether the hazardous condition existed after the plaintiff's fall was irrelevant; the relevant inquiry was whether the proprietor had actual or constructive knowledge of the hazard before the injury occurred).[3]

Second, Jones claims that "[a]s the constructor of the display and stand [Wal-Mart] is conclusively presumed to have knowledge of the defects in [its] construction . . . ."[4] However, Jones does not identify, and we have not found, any record evidence indicating that Wal-Mart constructed the pamphlet rack. Indeed, Radford testified that "a lot of our displays are . . . already preassembled, and . . . most of our department managers or associates just place the displays." Therefore, even assuming that the pamphlet rack itself suffered from a construction defect, because the evidence does not indicate that Wal-Mart actually constructed the

---

[3]Jones's contention that the district court ignored Radford's testimony in concluding that Jones had not offered any evidence of how long the alleged defect had existed is similarly erroneous. Radford testified merely that "[t]he fixture [i.e., the pamphlet rack] was up for several weeks," not that the defect had existed for that long. As mentioned above, Radford gave no testimony as to the defectiveness vel non of the pamphlet rack before DJ's injury.

[4]Jones also argues that Wal-Mart's status as constructor of the pamphlet rack raises a conclusive presumption of knowledge as to defects in the placement of the rack; however, he cites no authority that supports this proposition.

pamphlet rack, no presumption exists that Wal-Mart knew of the defect.

In sum, the district court correctly determined that Jones failed, as a matter of law, to establish that Wal-Mart had superior knowledge of any danger associated with the pamphlet rack. Therefore, Wal-Mart was entitled to summary judgment.

**AFFIRMED.**