## A96A0193. MORRISON v. ANDERSON et al.

(471 SE2d 329)

ANDREWS, Judge.

John Morrison appeals the trial court's order granting summary judgment to Kenneth Anderson, d/b/a Ken's Tavern and Capital & Counties U. S. A., Inc., ("Anderson") on Morrison's claim of negligence resulting in injuries received when he fell off the loading dock behind Ken's Tavern. We affirm the judgment of the trial court.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. [Cit.] A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a [genuine] jury issue on at least one essential element of plaintiff's case. . . . [Cit.] A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case." (Emphasis omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

Construing the evidence, as we must, in favor of Morrison as non-movant on summary judgment, the record shows that on the night in question, Morrison arrived at Ken's around 9:00, parked his car by the loading dock behind the tavern and entered the tavern by walking up the steps, across the loading dock and in through the back door. Morrison stayed at Ken's for approximately three and one-half hours, drinking four to six beers and also sniffing three small mounds of cocaine.

Around midnight, Morrison and two friends left the bar through the back door and walked out onto the loading dock. According to Morrison, the gate was not up across the loading dock at that time. Morrison admitted in his deposition that he was intoxicated when he left the bar and walked out on the loading dock.

Crystal Kurtin Glass, a waitress at Ken's, followed the men out onto the loading dock. Morrison said the reason she followed them was because Sonny, one of the men with Morrison, had not paid his tab. In any event, Glass began hugging the men and saying good-bye. Morrison turned and walked back toward Crystal, and she reached out to give him a hug. As she threw her arms around him, Morrison lost his balance, stepped back, and he and Glass both fell off the loading dock.

1. In his motion for summary judgment, Anderson argued that

Morrison was precluded from recovering on his negligence claim because he knew of the hazardous condition and assumed the risk of falling when he stood near the edge of the dock after drinking several beers and ingesting cocaine. On appeal, Morrison claims the trial court erred in granting Anderson's motion for summary judgment because there are issues of fact remaining as to whether Anderson was negligent in failing to give proper warnings and in failing to ensure that a railing was in place in front of the loading dock.

In cases involving a "static" dangerous condition, it is well established that the basis of the proprietor's liability is his superior knowledge, and, "if the invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of his knowledge, assumes the risks and dangers incident to the known condition." (Citations and punctuation omitted.) *Rose v. Kennesaw House*, 203 Ga. App. 648, 649 (417 SE2d 379) (1992). Also, we have held that where there is nothing to obstruct or interfere with the invitee's ability to see the static defect, the owner is justified in assuming that the visitor will see it and realize the risks involved. *Crenshaw v. Hogan*, 203 Ga. App. 104, 105 (416 SE2d 147) (1992).

A claim involving a static defect differs from other slip and fall cases in that we have held when a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom. *Brown v. Carlisle*, 214 Ga. App. 483, 484 (448 SE2d 256) (1994).

Here, the hazard was in plain view, and Morrison testified that earlier that evening he parked his car behind the loading dock, walked across the loading dock and entered the tavern through the rear door. Further, Morrison stated he was very familiar with the loading dock area, having entered and exited the tavern that way dozens of times. Morrison estimated that he had been going to Ken's three or four times a week for ten years. Morrison testified that for a period of time there was no railing at all in front of the loading dock. After the railing was installed, there were times when the gate in the railing was down, and other times when Morrison noticed it was up. He further stated that he attended barbecues put on by Ken's Tavern out on the loading dock, both before and after there was a railing in place across it.

Therefore, Morrison is presumed to have knowledge of any hazard associated with the area. The fact that Morrison may have been impaired due to alcohol or cocaine does not lessen his burden of care for his own safety. *Ridgeway v. Whisman*, 210 Ga. App. 169, 170 (435 SE2d 624) (1993).

Accordingly, since Morrison had equal knowledge of any hazard associated with the loading dock, he is unable to prove an essential element of his claim; namely, Anderson's superior knowledge of the defect or hazard. Therefore, the trial court did not err in granting Anderson's motion for summary judgment on Morrison's negligence claim.

2. Morrison also contends that Crystal Glass was responsible for his fall and Anderson is therefore liable under a theory of respondeat superior. But, Anderson is liable only for the negligent acts of Glass committed within the prosecution and in scope of her employer's business. OCGA § 51-2-2.

In determining whether the master is liable for the acts of his employee, the general rule is that "the test of liability is, not whether the act was done during the existence of the employment, but whether it was done within the scope of the actual transaction of the master's business for accomplishing the ends of his employment." (Citations and punctuation omitted.) *Wittig v. Spa Lady &c.*, 182 Ga. App. 689, 690 (356 SE2d 665) (1987). Further, "[i]f a servant steps aside from his master's business to do an act entirely disconnected from it, and injury to another results from a doing of the act, the servant may be liable, but the master is not liable." Id. Even assuming Glass followed the men out onto the loading dock to collect money for an unpaid tab, she clearly abandoned this task when she went over to hug Morrison. Since hugging Morrison was an act done for purely personal motives, Glass clearly departed from her employment, and Anderson is not liable for any negligent hugging she may have committed. Id.

3. Morrison also enumerates as error the trial court's denial of his motion to strike the affidavit of H. Horton McCurdy which stated that Morrison was intoxicated at the time of the accident to the extent he was unable to control his movements or maintain his balance. This enumeration of error is moot as we find Anderson is entitled to summary judgment on Morrison's claim without any consideration of the facts in McCurdy's affidavit.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED MAY 14, 1996.

*Snellings & Ferguson, Stanley T. Snellings*, for appellant.
*Bentley, Karesh & Seacrest, Karsten Bicknese, Swift, Currie, McGhee & Hiers, Jonathan M. Engram, Robin F. Clark*, for appellees.