A99A1087. BROWNLEE et al. v. WINN-DIXIE ATLANTA, INC.
(523 SE2d 596)

MILLER, Judge.

Stephanie Brownlee, individually and as next friend of her three minor children, sued Winn-Dixie Atlanta, Inc. for negligence. Brownlee presented evidence that Roderick Smith, a uniformed Winn-Dixie bag boy positioned to bag groceries, injured her children when he discharged a mace-like spray in the direction of the children who were standing in a check-out aisle. Smith testified, without contradiction, that he discharged the mace-like spray while engaged in horseplay and that the action was personal and not connected to his work duties. The trial court granted summary judgment to Winn-Dixie, rejecting Brownlee's theories of respondeat superior and premises liability. Brownlee appeals.

On appeal of a grant of summary judgment, the appellate court

---

must determine whether the trial court erred in concluding that the moving party demonstrated that no genuine issue of material fact remained and that the party was entitled to judgment as a matter of law.[1] A defendant may do this by showing the court that the documents, affidavits, depositions, and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case.[2] We view the evidence, and all reasonable conclusions and inferences drawn from it, de novo and in the light most favorable to the non-movant.[3]

1. Regarding respondeat superior, the general rule for determining whether the master is liable for the acts of an employee is "not whether the act was done during the existence of the employment, but whether it was done within the scope of the actual transaction of the master's business for accomplishing the ends of his employment."[4] If a servant steps aside from his master's business to do an act entirely disconnected from it, and injury to another results from the act, the servant may be liable, but the master is not liable.[5] Summary judgment for the master is appropriate where the evidence shows that the "servant was not engaged in furtherance of his master's business but was on a private enterprise of his own."[6]

Because engaging in horseplay and spraying mace were not in any way connected to Smith's bag boy duties at Winn-Dixie, Smith abandoned Winn-Dixie's business when he engaged in this conduct.[7] The trial court did not err in granting summary judgment on the respondeat superior theory.

2. The concept of premises liability imposes upon the proprietor a duty to exercise ordinary care in keeping his premises safe for invitees.[8] This concept focuses on different inquiries depending on whether the injury arises (a) from pre-existing conditions or (b) from active negligence, i.e., from the proprietor's acts or omissions occurring at the time the plaintiff was on the premises.[9] In the former, the inquiry is whether the proprietor had superior knowledge of the

---

[1] OCGA § 9-11-56 (c).

[2] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[3] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[4] (Citation and punctuation omitted.) *Morrison v. Anderson*, 221 Ga. App. 396, 398 (2) (471 SE2d 329) (1996).

[5] Id.

[6] (Citations and punctuation omitted.) *Rucker v. Troll Book Fairs*, 232 Ga. App. 189, 191 (1) (501 SE2d 301) (1998).

[7] See *Morrison*, supra, 221 Ga. App. at 398 (2) (waitress's following of patrons outside the restaurant and hugging them were purely personal acts and outside the scope of her employment); *Rucker*, supra, 232 Ga. App. at 190-191 (1) (employee's assault and battery against co-worker were personal acts and not in prosecution of company business).

[8] OCGA § 51-3-1; *Robinson v. Kroger Co.*, 268 Ga. 735, 740 (1) (493 SE2d 403) (1997).

[9] *Lipham v. Federated Dept. Stores*, 263 Ga. 865 (440 SE2d 193) (1994).

defect or dangerous condition; in the latter, the inquiry is whether the proprietor could reasonably foresee that his actions or inactions would cause injury to the plaintiff.[10] If a third party's misconduct causes injury to a plaintiff while on the premises, the former concept applies, and the inquiry is whether the proprietor had superior knowledge of the danger that a third party would so act.[11]

Active negligence, the latter concept, does not apply here. Because Smith's actions were outside the scope of his employment, he was a third party at the time of the incident. The inquiry then is whether Winn-Dixie had superior knowledge that Smith would so act. Winn-Dixie did not. There was no evidence of (i) prior horseplay, (ii) employees or third parties previously possessing or using mace on the store's premises or elsewhere, or (iii) Smith playing with the cannister or threatening anyone with it that evening or at any other time before his actually spraying it.

While superior knowledge is generally an issue for the jury, Brownlee presented no evidence that Winn-Dixie had actual or constructive knowledge of the danger. Under such undisputed facts, the trial court properly granted summary judgment to Winn-Dixie on the premises liability theory also.[12]

*Judgment affirmed. Smith and Eldridge, JJ., concur.*

DECIDED OCTOBER 15, 1999.

*Martin & Martin, Karen K. Martin,* for appellants.
*Fain, Major & Wiley, Gene A. Major, John K. Miles, Jr.,* for appellee.

---

[10] Adams & Adams, Ga. Law of Torts, p. 99, § 4-1 (1996); see *Hartley v. Macon Bacon Tune,* 227 Ga. App. 679, 681-682 (490 SE2d 403) (1997), vacated and modified, 234 Ga. App. 815, 818 (507 SE2d 259) (1998); *Wade v. Mitchell,* 206 Ga. App. 265, 266 (2) (b) (424 SE2d 810) (1992).

[11] See *Sturbridge Partners v. Walker,* 267 Ga. 785, 786 (482 SE2d 339) (1997).

[12] *Robinson,* supra, 268 Ga. at 748-749 (lack of evidence showing proprietor's knowledge of hazard requires summary judgment).