A04A2046. ALEXANDER v. A. ATLANTA AUTOSAVE, INC.
(611 SE2d 754)

MIKELL, Judge.

Tessa Alexander appeals the grant of summary judgment to A. Atlanta Autosave, Inc. ("Autosave"), on her counterclaim for fraud arising out of a rental car transaction and the denial of her motion for sanctions. Based on the reasons set forth below, we affirm.

To obtain summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. On appeal, this Court applies a de novo standard of review and must draw all inferences in favor of the nonmoving party. If, however, there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial.[1]

Once the defendant carries its burden by demonstrating the absence of evidence as to one essential element of plaintiff's case, "the plaintiff cannot rest on her pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)."[2]

The record shows that someone who identified herself as Alexander rented a 2002 Toyota Corolla from Autosave on June 8, 2002. When the car was returned on June 14, 2002, it was damaged in the amount of $11,403.25. Under the rental contract, the lessee was

---

[1] (Footnotes omitted.) *Jerry Dickerson Presents v. Concert/Southern Chastain Promotions*, 260 Ga. App. 316, 322 (579 SE2d 761) (2003).

[2] (Punctuation and footnote omitted.) *Gray v. Oliver*, 242 Ga. App. 533, 533-534 (530 SE2d 241) (2000).

responsible for the damage to the vehicle. Autosave brought an action against Alexander to recover the cost of the damage to the car and attorney fees. Alexander filed an answer and counterclaim, alleging that Autosave engaged in fraud and that she was entitled to punitive damages and attorney fees. Discovery commenced.

Alexander deposed that she had never rented a car from Autosave and that she had not signed the rental contract and did not know who signed her name. Upon reviewing the contract, she admitted that almost all of the personal information contained therein was correct, with the exception of one number that was incorrect in her social security number. She deposed that she knew nothing about the rental car until after she was served with Autosave's complaint. At that time, she learned from her sister, Tomika Ann Alexander,[3] that her friend, Sheena N. Womble, rented the car. However, Tomika denied that Womble used Alexander's name to rent the car. Alexander further deposed that when she confronted Tomika and Womble, they both denied using Alexander's name.

When asked to explain the accuracy of the personal information on the contract, Alexander explained that it was taken from her mail, which Tomika left in the rental car. Alexander could not explain, however, how her insurance card was found in the rental car. Alexander also deposed that Tomika's children's father wrecked the car.

Womble deposed that she rented the car from an Autosave employee, Gregory Harrell, whom she did not know before going to Autosave; that she chose Autosave because they did not require a credit card to rent a car; that Tomika went to Autosave with her; and that she paid almost $700 to rent the car for almost two weeks. Womble further deposed that she did not receive a copy of the contract she signed but knew that she had paid for insurance and the additional driver fee; that after the accident, she was informed that Autosave's computer showed that she had rented a Honda Civic, not a Toyota Corolla; and that she explained to Autosave that Alexander had not rented a vehicle. Womble speculated that after the accident, Harrell created a fraudulent contract using Alexander's information because he determined from reading the mail left in the car that Alexander had car insurance. She admitted, however, that she did not know who forged Alexander's name to the contract.

The day after deposing Alexander, Tomika,[4] and Womble, Autosave dismissed its complaint without prejudice, but Alexander

---

[3] For purposes of clarity, Tomika Alexander will be referred to herein as "Tomika" since she and the appellant share the same last name.

[4] Tomika's deposition was suspended before she was questioned about the incident.

continued to pursue her counterclaim. Several months later, Alexander amended her counterclaim to include claims for ordinary negligence, failure to properly supervise/negligent supervision, intentional infliction of emotional distress, and violating the Georgia Fair Business Practices Act. Autosave filed a motion for summary judgment, which the trial court granted. On appeal, Alexander argues that the trial court erred by granting summary judgment because Autosave failed to make a prima facie showing that it was entitled to judgment as a matter of law or prove that there were no remaining genuine issues of material fact on Alexander's claims. Pretermitting whether Autosave sufficiently negated an element of each of Alexander's counterclaims in its motion, we must affirm a summary judgment that is right for any reason.[5]

1. In order to prove fraud, the plaintiff must establish five elements:

> a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff. For an action for fraud to survive a motion for summary judgment, there must be some evidence from which a jury could find each element of the tort.[6]

In this case, Alexander deposed that she never entered the Autosave store and that she had no dealings whatsoever with Autosave in connection with the rental of the car. A fortiori, Alexander was not defrauded by Autosave as they made no representations to her, false or otherwise, upon which she relied.

Womble's deposition testimony that Harrell obtained Alexander's personal information from items left in the car to create a fraudulent contract does not preclude the grant of summary judgment. "Guesses or speculation which raise merely a conjecture or possibility are not sufficient to create even an inference of fact for consideration on summary judgment."[7] Therefore, it follows that a fraud claim based on speculation such as the one in this case cannot survive summary judgment.[8] Thus, the grant of summary judgment on this claim was appropriate.

2. In her amended counterclaim, Alexander alleges that she is entitled to recover emotional and economic damages for Autosave's

---

[5] *Fowler v. Alpharetta Family Skate Center*, 268 Ga. App. 329 (1) (601 SE2d 818) (2004).

[6] *Johnson v. Rodier*, 242 Ga. App. 496, 498 (2) (529 SE2d 442) (2000).

[7] (Punctuation and footnote omitted.) *Resnick v. Meybohm Realty*, 269 Ga. App. 486, 490 (1) (b) (604 SE2d 536) (2004).

[8] Id.

negligence in "failing to employ proper and adequate methods, procedures and policies that would limit danger to the consuming public as a whole and to [her]." In opposition to the motion for summary judgment, Alexander argued that Harrell signed her name to the rental contract. However, when asked during deposition if she knew who signed her name, she admitted that she did not know.

"In the analysis of a negligence action, the plaintiff must . . . show a duty, a breach of that duty, causation, and damages."[9] From what we can surmise from Alexander's complaint and brief opposing summary judgment, she is relying on Autosave's termination of Harrell as evidence of its negligence toward her. According to Autosave's discovery responses, Harrell was terminated for "[i]mproper rental of automobiles/contracts not following rules [and] procedures on verification of insurance." There is no evidence that Autosave breached a duty to Alexander, particularly since it had no dealings with her, or that Alexander suffered any damage. When Alexander was asked about the damages she sustained, the following colloquy occurred: "A. It's going on my credit report. Q. Has it gone on your credit report? A. I don't know yet, but I'm just saying. Second of all, I'm wasting time." When asked about additional damages, Alexander testified that she suffered stress because she was worried about what was going to happen with the case. Autosave dismissed the case after deposing Alexander, Tomika, and Womble. Because Alexander fails to point to any specific evidence that gives rise to a triable issue on her negligence claim, the trial court's grant of summary judgment on the claim was also appropriate.

3. Alexander's claims for intentional infliction of emotional distress and negligent supervision appropriately suffered the same fate on summary judgment.

In her amended counterclaim, Alexander alleged that Autosave is liable for the intentional infliction of emotional distress because it should have determined that she did not rent the vehicle and, consequently, should not have brought an action against her.

> Georgia law recognizes the tort of intentional infliction of emotional distress. The burden which the plaintiff must meet in order to prevail in this cause of action is a stringent one, however. In order to sustain a cause of action in this state for the tort of intentional infliction of emotional distress, a plaintiff must show that defendant's actions were so

---

[9] (Citations omitted.) *John Crane, Inc. v. Jones*, 278 Ga. 747, 751 (604 SE2d 822) (2004).

terrifying or insulting as naturally to humiliate, embarrass or frighten the plaintiff.[10]

"Whether a claim rises to the requisite level of outrageousness and egregiousness to sustain a claim for intentional infliction of emotional distress is a question of law."[11] We have held as a matter of law that "the filing of a lawsuit . . . is [not] sufficient to establish humiliating, embarrassing, or frightening conduct which will give rise to a claim of intentional infliction of emotional distress."[12] Therefore, summary judgment in favor of Autosave on this claim was appropriate as well.

Alexander's claim for failure to properly supervise/negligent supervision is essentially based on the allegations that Autosave breached its duty to ensure that rental contracts were completed properly or that it lacked a policy to protect the public from improper vehicle rentals. Alexander offers no evidence by way of affidavit or otherwise to substantiate her claim. Conversely, Autosave points to the rental qualification checklist in the record as evidence of the existence of such a policy. As for the potential claim that Harrell failed to follow the policy or otherwise acted negligently, "an employer may be held liable only where there is sufficient evidence to establish that the employer reasonably knew or should have known of an employee's 'tendencies' to engage in certain behavior relevant to the injuries allegedly incurred by the plaintiff."[13] The record is devoid of evidence that Harrell acted improperly. Harrell was not deposed. The only depositions included in the record were those of Alexander, her sister, and Womble. Alexander filed no affidavits in support of her brief opposing Autosave's motion for summary judgment. There are no depositions of any employees of Autosave in the record. As stated earlier, guesses and speculation do not create an inference of fact for consideration on summary judgment.[14] Moreover, even if there were evidence that Harrell acted negligently, there is no evidence in the record that Autosave knew that Harrell was not following company

---

[10] (Citations and punctuation omitted.) *Ingram v. JIK Realty Co.*, 199 Ga. App. 335, 336-337 (1) (404 SE2d 802) (1991).

[11] (Citation and punctuation omitted.) *Vidrine v. American Professional Credit*, 223 Ga. App. 357, 360 (3) (477 SE2d 602) (1996).

[12] (Citation omitted.) *Amstadter v. Liberty Heathcare Corp.*, 233 Ga. App. 240, 243 (2) (503 SE2d 877) (1998). See also *State Soil & Water Conservation Comm. v. Stricklett*, 252 Ga. App. 430, 437 (4) (a) (555 SE2d 800) (2001) (claim for intentional infliction of emotional distress based solely on filing of frivolous lawsuit fails); *Nairon v. Land*, 242 Ga. App. 259, 261 (2) (529 SE2d 390) (2000) (plaintiff cannot claim intentional infliction of emotional distress as a remedy for abusive litigation).

[13] (Citation and punctuation omitted.) *Munroe v. Universal Health Svcs.*, 277 Ga. 861, 863 (1) (596 SE2d 604) (2004).

[14] *Resnick*, supra.

policy when he rented cars to members of the public. Accordingly, summary judgment was appropriate on this claim as well.

4. Alexander does not specify the unfair and deceptive act that constitutes a violation of the Georgia Fair Business Practices Act or otherwise establish by the record that any basis exists for this claim. Accordingly, we do not find error in the trial court's grant of summary judgment on this claim. We note, too, that at the hearing on Autosave's motion for summary judgment, Alexander stated that she intended to dismiss this claim if the parties proceeded to trial.

5. Alexander argues that the trial court erred by denying her motion to compel Autosave to produce the rental file of Womble and to sanction Autosave for unjustifiably delaying the production of Harrell's separation notice. "A trial court has broad discretion to control discovery, including the imposition of sanctions, and this Court will not reverse the trial court's ruling on such matters absent the showing of a clear abuse of discretion."[15]

The record shows that Alexander filed a motion for sanctions against Autosave for failing to comply with the trial court's order to respond to her second request for interrogatories and production of documents and notice to produce at trial. In response thereto, Autosave filed the allegedly deficient discovery responses that it had previously served on Alexander and responded to Alexander's motion, arguing that all of the documents requested had been provided. At the hearing on the motion for sanctions, Autosave's counsel stated that there was no file in its possession related to a transaction with Sheena Womble, only an unsigned contract which had already been produced. Autosave maintains that such a file does not exist, and Alexander has not proven otherwise. Alexander's argument that a file must exist simply because an unsigned rental contract exists is not supported by any evidence.

Alexander asked the date of and reason for Harrell's termination in her interrogatories and requested a copy of Harrell's separation notice. Autosave responded in a timely manner, stating the reason for Harrell's termination. It also agreed to produce the separation notice at the court-ordered settlement conference and solicited input from counsel to schedule the conference. It appears that Alexander filed her motion before the conference was scheduled. We find no abuse of discretion in the trial court's denial of Alexander's motion.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

---

[15] (Citations omitted.) *Crane v. Darnell*, 268 Ga. App. 311-312 (1) (601 SE2d 726) (2004).

DECIDED MARCH 9, 2005.

*Lindsey Leeper, Stephanie R. Lindsey*, for appellant.
*McCrimmon & McCrimmon, Edward W. McCrimmon, Lisa L. McCrimmon*, for appellee.