## A08A0895. DOWDELL v. THE KRYSTAL COMPANY et al.

(662 SE2d 150)

BLACKBURN, Presiding Judge.

In this civil action, Sandy Dowdell filed numerous tort claims against The Krystal Company ("Krystal"), two of its employees, and an off-duty police officer for injuries he suffered as a result of a physical altercation with one of the Krystal employees. Following the grant of Krystal's motion for summary judgment as to several of Dowdell's claims, he appeals, arguing that the trial court erred in finding that Krystal was entitled to judgment as a matter of law on his claims of liability based on (i) respondeat superior, (ii) premises liability, and (iii) negligent hiring. Additionally, Dowdell argues that the trial court erred in granting summary judgment to Krystal as to his claims for attorney fees and punitive damages. For the reasons set forth below, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c); *Britt v. Kelly & Picerne, Inc.*[1] "On appeal from the grant or denial of a motion for summary judgment, we review the evidence de novo, and all reasonable conclusions and inferences drawn from the evidence are construed in the light most favorable to the nonmovant." *McCaskill v. Carillo.*[2]

So construed, the evidence shows that in the early morning hours of August 2, 2003, Roderick Shumate was working as a cashier at a local Krystal fast-food restaurant, where he had been employed for the preceding three months. At approximately 3:30 a.m., Dowdell and other patrons from a neighboring nightclub, which closes at that time on weekend nights, began arriving at the restaurant to order food. As the restaurant became crowded, Shumate began to have difficulty filling the orders quickly, causing the crowd to grow impatient. After several minutes passed without his order being taken, Dowdell, who was at the front of the line leading up to the counter, asked Shumate if he was going to take his order, to which Shumate responded by cursing at him and uttering a homosexual epithet. When Dowdell likewise responded with insults, Shumate reached across the counter and struck Dowdell in the face. Both Dowdell and Shumate then rushed toward the end of the counter that had been separating them and began fighting. The fight was quickly broken up by two off-duty police officers, who were working as security for the restaurant at the time, and both Dowdell and Shumate were arrested for disorderly conduct.

---

[1] *Britt v. Kelly & Picerne, Inc.*, 258 Ga. App. 843 (575 SE2d 732) (2002).

[2] *McCaskill v. Carillo*, 263 Ga. App. 890 (589 SE2d 582) (2003).

Dowdell filed suit against Krystal, Shumate, the restaurant's shift manager, and one of the off-duty police officers, alleging numerous tort claims, including assault, battery, intentional infliction of emotional distress, false arrest, false imprisonment, malicious prosecution, invasion of privacy, negligent hiring, and premises liability. He eventually dismissed with prejudice all claims against both the restaurant's shift manager and the off-duty police officer and also dismissed with prejudice his claims of invasion of privacy and intentional infliction of emotional distress against Krystal. In addition, the trial court granted Krystal's motion for partial summary judgment as to Dowdell's false arrest, false imprisonment, and malicious prosecution claims.

Thereafter, Krystal filed a motion for summary judgment as to Dowdell's remaining claims, which included holding Krystal liable under theories of respondeat superior, premises liability, and negligent hiring. In the same motion, Krystal also sought summary judgment as to Dowdell's claims that he was entitled to attorney fees and punitive damages. After holding a hearing on Krystal's motion, the trial court issued an order granting summary judgment to Krystal as to all of Dowdell's remaining claims. This appeal followed.

1. Dowdell contends that the trial court erred in granting summary judgment to Krystal as to his claim that Krystal is liable for Shumate's actions under the theory of respondeat superior, arguing that Shumate was acting within the scope of his employment when he struck Dowdell. We disagree.

Two elements must be present to render a master liable for his servant's actions under respondeat superior: first, the servant must be in furtherance of the master's business; and, second, he must be acting within the scope of his master's business. *Piedmont Hosp. v. Palladino*.[3] "If a tort is committed by an employee not by reason of the employment, but because of matters disconnected therewith, the employer is not liable." (Punctuation omitted.) Id. Furthermore, "[i]f a tortious act is committed not in furtherance of the employer's business, but rather for purely personal reasons disconnected from the authorized business of the master, the master is not liable." (Punctuation and emphasis omitted.) Id. at 613-614. See *Brownlee v. Winn-Dixie Atlanta*.[4] "Summary judgment for the master is appropriate where the evidence shows that the servant was not engaged in furtherance of his master's business but was on a private enterprise of his own." (Punctuation omitted.) *Brownlee*, supra, 240 Ga. App. at 369 (1).

---

[3] *Piedmont Hosp. v. Palladino*, 276 Ga. 612, 613 (580 SE2d 215) (2003).
[4] *Brownlee v. Winn-Dixie Atlanta*, 240 Ga. App. 368, 369 (1) (523 SE2d 596) (1999).

Here, the acts of striking Dowdell in the face and fighting with him were not connected to or in furtherance of Shumate's cashier duties at Krystal, and thus Shumate abandoned Krystal's business when he engaged in such conduct. See *Brownlee*, supra, 240 Ga. App. at 369 (1) (engaging in horseplay and spraying mace not connected with employee's bag-boy duties); *Worstell Parking v. Aisida*[5] (parking lot attendant's altercation with plaintiff and her boyfriend over boyfriend's failure to tip was not connected to attendant's duties). In fact, Shumate had been trained to alert the manager on duty in the event of complaining or hostile customers and was not charged with the responsibility of resolving situations involving such customers. Compare *Brown v. AMF Bowling Centers*[6] (employer not entitled to summary judgment in case involving a customer who was injured when bartender broke up fight because keeping the peace could be inferred as a bartender's duty); *Reynolds v. L & L Mgmt.*[7] (employer not entitled to summary judgment when restaurant manager who was involved in altercation with customer was responsible for resolving complaints). Instead, Shumate chose to engage in a physical altercation with Dowdell for purely personal reasons and not for any purpose beneficial to Krystal. See *Worstell Parking*, supra, 212 Ga. App. at 606 (1). Accordingly, the trial court did not err in granting summary judgment to Krystal on Dowdell's respondeat superior theory.

2. Dowdell contends that the trial court erred in granting summary judgment to Krystal as to his premises liability claim. Specifically, Dowdell argues that genuine issues of material fact remain as to whether Krystal created stressful and unsafe working conditions, which ultimately resulted in Shumate becoming irritated and injuring Dowdell. This contention is without merit.

An owner or occupier of land is liable in damages to invitees who come upon the land for injuries caused by his failure to exercise ordinary care in keeping the premises safe. OCGA § 51-3-1. "The invitee must show (1) that the defendant had actual or constructive knowledge of the hazard and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner." *Roberts v. Wal-Mart Stores*.[8] However,

---

[5] *Worstell Parking v. Aisida*, 212 Ga. App. 605, 606 (1) (442 SE2d 469) (1994).

[6] *Brown v. AMF Bowling Centers*, 236 Ga. App. 277, 278 (1) (511 SE2d 619) (1999).

[7] *Reynolds v. L & L Mgmt.*, 228 Ga. App. 611, 613-614 (1) (492 SE2d 347) (1997).

[8] *Roberts v. Wal-Mart Stores*, 287 Ga. App. 316, 317 (651 SE2d 464) (2007).

there is no duty to foresee dangers which are not reasonably expected and which would not occur except from unexpected acts. If a third party's misconduct causes injury to a plaintiff while on the premises, the inquiry is whether the proprietor had superior knowledge of the danger that a third party would so act.

(Citation omitted.) *Yager v. Wal-Mart Stores*.[9] See *Brownlee*, supra, 240 Ga. App. at 370 (2).

Because Shumate acted outside the scope of his employment when he started the fight with Dowdell, he is considered a third party for the purposes of premises liability analysis. See *Brownlee*, supra, 240 Ga. App. at 370 (2). Therefore, the inquiry is whether Krystal had superior knowledge that Shumate would engage in such conduct. We agree with the trial court that Krystal did not have such knowledge. The undisputed evidence shows that Shumate indicated in his Krystal's employment application that he had never been convicted of a felony and that he confirmed this information during his employment interview. Furthermore, there is no evidence that Shumate had ever argued with customers, much less struck any, during the nearly three months that he worked at Krystal prior to the altercation with Dowdell. Thus, Dowdell failed to present any evidence that Krystal had actual or constructive knowledge that Shumate posed a danger to customers. See id. Accordingly, the trial court did not err in granting summary judgment to Krystal on Dowdell's premises liability claim.

3. Dowdell further contends that the trial court erred in granting summary judgment to Krystal as to his claims for negligent hiring, supervision, and retention, arguing that Krystal should have known that Shumate was not suited for employment at a fast-food restaurant. We disagree.

An employer "is bound to exercise ordinary care in the selection of employees and not to retain them after knowledge of incompetency." OCGA § 34-7-20. More specifically, our Supreme Court has held that

a defendant employer has a duty to exercise ordinary care not to hire or retain an employee the employer knew or should have known posed a risk of harm to others where it is reasonably foreseeable from the employee's tendencies or propensities that the employee could cause the type of harm sustained by the plaintiff.

---

[9] *Yager v. Wal-Mart Stores*, 257 Ga. App. 215, 217 (570 SE2d 650) (2002).

(Punctuation omitted.) *Munroe v. Universal Health Svcs.*[10] See *Heard v. Mitchell's Formal Wear.*[11]

Here, Dowdell has failed to present any evidence that Krystal knew or should have known that Shumate was unsuitable for the position for which he was hired because he posed a reasonably foreseeable risk of harming customers. See *Munroe*, supra, 277 Ga. at 863 (1). As previously noted, there is no evidence that Shumate had ever argued with customers, or that he had shown any propensities to cause harm to customers in any way during the nearly three months that he worked at Krystal prior to the altercation with Dowdell. See id. at 866 (2); *Heard*, supra, 249 Ga. App. at 494 (2); *Worstell Parking*, supra, 212 Ga. App. at 606 (2). Accordingly, the trial court did not err in granting summary judgment to Krystal on Dowdell's claims of negligent hiring, supervision, and retention.

4. Dowdell also contends that the trial court erred in granting summary judgment to Krystal as to his claims for attorney fees under OCGA § 13-6-11 and punitive damages under OCGA § 51-12-5.1, arguing that Krystal has been stubbornly litigious in defending this action and that Krystal's hiring of Shumate demonstrated a reckless indifference toward the safety of its customers. These contentions are without merit.

A claim for attorney fees under OCGA § 13-6-11 will not lie when general damages are not awarded. *Vernon Library Supplies v. Ard.*[12] See *Amstead v. McFarland;*[13] *Russell Corp. v. BancBoston Financial Co.*[14] Similarly, "[i]n accordance with OCGA § 51-12-5.1, punitive damages can only be awarded as additional damages." *Nelson v. Glynn-Brunswick Hosp. Auth.*[15] See *Amstead*, supra, 287 Ga. App. at 141 (5). Because Dowdell has failed to demonstrate that genuine issues of material fact exist as to whether Krystal is liable for his injuries under any of his tort claims, the trial court did not err in granting summary judgment on his claims for attorney fees and punitive damages.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

---

[10] *Munroe v. Universal Health Svcs.*, 277 Ga. 861, 863 (1) (596 SE2d 604) (2004).

[11] *Heard v. Mitchell's Formal Wear*, 249 Ga. App. 492, 494 (2) (549 SE2d 149) (2001).

[12] *Vernon Library Supplies v. Ard*, 249 Ga. App. 853, 855 (4) (550 SE2d 108) (2001).

[13] *Amstead v. McFarland*, 287 Ga. App. 135, 141 (5) (650 SE2d 737) (2007).

[14] *Russell Corp. v. BancBoston Financial Co.*, 209 Ga. App. 660, 663 (6) (434 SE2d 716) (1993).

[15] *Nelson v. Glynn-Brunswick Hosp. Auth.*, 257 Ga. App. 571, 580 (5) (571 SE2d 557) (2002).

DECIDED APRIL 21, 2008 —
RECONSIDERATION DENIED MAY 12, 2008

*Derrell Dowdell, David Webster*, for appellant.
*Drew, Eckl & Farnham, Douglas K. Burrell*, for appellees.