## A09A0332. LEO v. WAFFLE HOUSE, INC.

(681 SE2d 258)

DOYLE, Judge.

This appeal arises from a personal injury complaint filed by Rex Joseph Leo against Waffle House, Inc., in connection with injuries he sustained from drinking a concoction containing corrosive dishwasher detergent, which was prepared for Leo by a Waffle House employee, who dared Leo to drink the mixture. The Superior Court granted Waffle House's motion for summary judgment and Leo appeals, arguing that the trial court erred by granting Waffle House's motion for summary judgment because there were disputed issues of material fact as to whether (1) (a) the supervising employee's failure to intervene in the incident constituted negligence, and (b) the warning she gave was sufficient under the circumstances; (2) Waffle House was negligent in failing to supervise the store; and (3) the employee was acting within the scope of employment when he prepared the mixture and dared Leo to drink it. Because we cannot say as a matter of law that the supervising employee sufficiently fulfilled her duty to keep Leo safe or that her warning to him was sufficient under the circumstances, we reverse the trial court's grant of summary judgment and remand for further proceedings as to Leo's claim that she failed to intervene. In all other respects, we affirm the trial court's grant of summary judgment.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard

of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

So viewed, the evidence presented showed that Leo was an invitee at a Waffle House restaurant on December 14, 2005, at around 3:30 or 4:00 a.m., drinking coffee along with three other customers. Leo was homeless at the time, and he was living behind a nearby convenience store. Quinton Wilson, who worked as a salesperson for Waffle House and was approximately 19 years old at the time of the incident, had come on duty at 2:30 a.m. to relieve another worker midway through her shift. In Waffle House restaurants, a salesperson is responsible for greeting customers, taking customers' orders, calling in orders to the grill operator, and serving drinks and food. Also on duty that night was Crystal Sparks, who was the grill operator for that shift and was the person considered to be in charge; no managers were at the restaurant when the incident occurred. Leo was a frequent customer of that Waffle House location and knew both Wilson and Sparks.

Wilson, Sparks, and the customers were joking around, and at one point, Wilson went behind the counter and mixed a concoction of juice, hot water, lemons, sugar, Ivory soap, and Score dishwashing detergent into an apple juice bottle he had purchased from a convenience store earlier that evening. Wilson approached Leo and told him the concoction was a milkshake and challenged Leo to drink it; when Leo initially declined, Wilson added that he would give the indigent Leo five dollars if he drank the concoction. Wilson did not think that the Score dishwashing detergent was any different than regular soap, and he believed it would simply taste bad.

At that point, Sparks walked by Leo and stated, "I wouldn't drink that, Leo, if I were you, but I'm not getting involved." Nevertheless, Leo, who was not aware of the contents of the concoction and who did not think that Wilson would do anything to harm him, drank the mixture, and he collapsed on the floor and began foaming at the mouth. Wilson called 911, and Leo was taken to the hospital for internal injuries from the corrosive dishwasher detergent.[2]

Leo filed the instant personal injury complaint against Waffle House, alleging liability on the part of Waffle House for the negligence of employee Wilson, as well as negligent supervision.[3] Leo later

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[2] Wilson pleaded no contest to reckless conduct for serving the drink to Leo.

[3] Leo also alleged negligent hiring and retention claims, but he does not appeal the trial court's grant of summary judgment as to those claims.

YALE LAW LIBRARY

amended his complaint to add a claim of failure to intervene on the part of Waffle House because Sparks, who was the employee in charge of the restaurant at the time of the incident, knew about the contents of the drink, but did not stop Leo from consuming it. Waffle House filed a motion for summary judgment, which the trial court granted.

1. First, Leo argues that the trial court erred by granting summary judgment to Waffle House because issues of material fact existed as to whether Sparks's failure to intervene constituted negligence on the part of Waffle House.

> The proprietor of a business has a duty, when he can reasonably apprehend danger to a customer from the misconduct of other customers or persons on the premises, to exercise ordinary care to protect the customer from injury caused by such misconduct. The duty is defined by the law; the breach of that duty is determined by the particular facts. This is usually a question to be referred to the jury, and should always be so referred, unless the allegations (or evidence) show beyond controversy that there was no such breach of duty. When the conduct of persons on the premises is such that the proprietor from known facts or circumstances should reasonably apprehend danger to other customers, it is his duty to interfere to prevent injury, and the failure to interfere when the proprietor has an opportunity to foresee and prevent injury may constitute negligence.[4]

Viewing the facts in the light most favorable to Leo, Crystal Sparks knew that Wilson had mixed the concoction using dishwasher detergent. Thus, Sparks had superior knowledge of the risk because Leo was not aware of the contents of the drink.[5] It is a matter for the jury to decide whether Sparks's warning to Leo was sufficient to fulfill Waffle House's duty to keep its customers safe.[6] Furthermore,

---

[4] (Citations and punctuation omitted.) *Shell Oil Co. v. Diehl*, 205 Ga. App. 367, 368 (2) (422 SE2d 63) (1992).

[5] Compare *Wilks v. Piggly Wiggly Southern*, 207 Ga. App. 842, 844 (429 SE2d 322) (1993) (the fact that patron saw attackers and had a "gut feeling" about them was not enough to constitute superior knowledge of the danger as compared to that of the defendant supermarket's employees).

[6] See, e.g., *Good Ol' Days Downtown v. Yancey*, 209 Ga. App. 696, 698 (2) (434 SE2d 740) (1993) (upholding denial of summary judgment because there was a genuine issue of material fact as to whether the employees had sufficient time to react to stop an attack on one patron by another patron when the attacker's "loud and abusive behavior . . . continued for over five minutes within hearing distance" of the employees); *Wilks*, 207 Ga. App. at 844 (jury question existed as to whether proprietor's steps to prevent criminals from loitering near store entry-way and robbing patrons were effective or reasonable).

we find unpersuasive Waffle House's argument that Leo's decision to drink the concoction leads to the conclusion that Sparks's failure to intervene was not the proximate cause of Leo's injuries.[7] Properly viewed, the evidence shows that Leo had no knowledge that the concoction contained dishwasher detergent, and even if Wilson's dare and offer of five dollars put him on notice that the drink was somehow tainted, it does not follow that an offer of five dollars in exchange for drinking the substance would put a reasonable person on notice that his life was in danger if he accepted the challenge.

> Under the existing state of the record, this is a case where a jury must rule on the question of negligence and diligence. What a reasonable and prudent man under similar circumstances could and would have done in the exercise of ordinary care for the protection of appell[ant] is for a jury to answer.[8]

Therefore, the trial court's grant of summary judgment as to this claim is reversed.

2. Next, Leo argues that the trial court erred by granting summary judgment to Waffle House because issues of material fact existed as to whether Waffle House provided supervision of the restaurant employees at the time of the incident.

"[A]n employer may be held liable [for negligent supervision] only where there is sufficient evidence to establish that the employer reasonably knew or should have known of an employee's tendencies to engage in certain behavior relevant to the injuries allegedly incurred by the plaintiff."[9] Thus, the trial court correctly granted summary judgment on Leo's claim of negligent supervision because the record is devoid of evidence that Waffle House knew or should have known that Wilson had engaged in such reckless behavior previously or that Wilson had ever engaged in such behavior before.

3. Finally, Leo argues that the trial court erred by granting summary judgment to Waffle House because issues of material fact

---

[7] See *McCray v. FedEx Ground Package System*, 291 Ga. App. 317, 320-322 (1) (661 SE2d 691) (2008) (holding that trial court erred in granting summary judgment because the issue of a loading dock worker's failure to check for a gap between the dock and the truck was a question for the jury); *Wilks*, 207 Ga. App. at 844. See also *Moore v. Service Merchandise Co.*, 200 Ga. App. 463, 464 (408 SE2d 480) (1991) ("[t]he doctrine of the assumption of the risk of danger applies only where the plaintiff, *with a full appreciation of the danger involved and without restriction from his freedom of choice either by the circumstances or by coercion*, deliberately chooses an obviously perilous course of conduct so that it can be said as a matter of law he has assumed all risk of injury") (citations and punctuation omitted; emphasis in original).

[8] (Punctuation omitted.) *Shell Oil Co.*, 205 Ga. App. at 369 (2).

[9] (Punctuation omitted.) *Alexander v. A. Atlanta Autosave*, 272 Ga. App. 73, 77 (3) (611 SE2d 754) (2005).

existed as to whether Wilson's act of mixing and serving the drink fell within the scope of his employment.

> Two elements must be present to render a master liable for his servant's actions under respondeat superior: first, the servant must be in furtherance of the master's business; and, second, he must be acting within the scope of his master's business. If a tort is committed by an employee not by reason of the employment, but because of matters disconnected therewith, the employer is not liable. Furthermore, if a tortious act is committed not in furtherance of the employer's business, but rather for purely personal reasons disconnected from the authorized business of the master, the master is not liable. Summary judgment for the master is appropriate where the evidence shows that the servant was not engaged in furtherance of his master's business but was on a private enterprise of his own.[10]

The question of whether "the servant at the time of an injury to another was acting in the prosecution of his master's business and in the scope of his employment is for determination by the jury, except in plain and indisputable cases."[11]

We find no error in the trial court's decision to grant summary judgment as to this claim. Had Wilson simply served a tainted drink to a customer as he normally would have served an untainted drink, our conclusion would have aligned with those cases in which we previously have found that some instances of horseplay or tortious activity come within the scope of employment.[12] However, here, Wilson's act was clearly committed for purely personal reasons

[10] (Citations, punctuation and footnotes omitted.) *Dowdell v. Krystal Co.*, 291 Ga. App. 469, 470 (1) (662 SE2d 150) (2008).

[11] (Punctuation omitted.) *Bacon v. News-Press & Gazette Co.*, 188 Ga. App. 703, 704 (373 SE2d 797) (1988).

[12] See *Ellison v. Burger King Corp.*, 294 Ga. App. 814, 819-820 (3) (b) (670 SE2d 469) (2008) (holding that a manager's battery of customer during an exchange about service at the restaurant was within the scope of employment); *McCranie v. Langdale Ford Co.*, 176 Ga. App. 281, 283 (335 SE2d 667) (1985) (holding that jury question existed as to whether the battery of a customer by a salesperson after the customer verbally assaulted the salesperson was within the scope of employment); *Miller v. Honea*, 163 Ga. App. 421, 422 (294 SE2d 629) (1982) (same, regarding the act of a union official whose duties included the handling of grievances and who, while discussing a grievance with a union member, became enraged and assaulted him); *Andrews v. Norvell*, 65 Ga. App. 241, 245 (15 SE2d 808) (1941) (same, regarding the act of the saloon employee, while performing his duty to assist and direct customers in regard to seating, of playing a practical joke by having a customer sit where he had placed a substance that would burn a person's flesh); *Jump v. Anderson*, 58 Ga. App. 126, 129 (197 SE 644) (1938) (same, regarding the act of the employee, while driving a truck on his employer's business, playfully turned the truck toward the plaintiff, and then did not turn back soon enough, so that a portion of the truck struck the plaintiff).

unconnected with his job.[13] Wilson mixed a concoction while joking around with customers late at night, using his own container and then dared a customer, indeed offered the customer money, to drink the substance. Thus, the act was not committed in furtherance of Waffle House's business and not within the scope of Wilson's employment. Accordingly, we affirm the grant of summary judgment as to this claim.

*Judgment affirmed in part and reversed in part, and case remanded. Blackburn, P. J., and Adams, J., concur.*

DECIDED JULY 9, 2009.

*Slappey & Sadd, James N. Sadd, Meadows & Macie, Mary M. House*, for appellant.

*Moore, Ingram, Johnson & Steele, Robert D. Ingram, T. Shane Mayes, Terry D. Jackson*, for appellee.

---

[13] See *Piedmont Hosp. v. Palladino*, 276 Ga. 612, 613 (580 SE2d 215) (2003) (act of sexual assault on patient by medical worker not within the scope of employment even though worker was authorized to touch patient's genitals in furtherance of his job duties); *Dowdell*, 291 Ga. App. at 471 (1) (acts of striking plaintiff in the face and fighting with him were not connected to or in furtherance of defendant's cashier duties at restaurant, and thus defendant abandoned restaurant's business when he engaged in such conduct); *Brownlee v. Winn-Dixie Atlanta*, 240 Ga. App. 368, 369 (1) (523 SE2d 596) (1999) (engaging in horseplay and spraying mace were not in any way connected to employee's bagging duties at Winn-Dixie, and individual therefore abandoned Winn-Dixie's business when he engaged in this conduct); *Morrison v. Anderson*, 221 Ga. App. 396, 398 (2) (471 SE2d 329) (1996) (waitress's acts of following patrons outside the restaurant and hugging them were purely personal acts and outside the scope of her employment).