### 74119. BRANCH v. BRANCH.
(356 SE2d 759)

BIRDSONG, Chief Judge.

The plaintiff-appellant Obie F. Branch filed this personal injury action against his mother Beatrice Branch and against Textron, Inc. for injuries caused by a chainsaw when plaintiff was helping his father cut down a tree on his mother's property. Plaintiff was 19 years old at the time; his mother and father were divorced and he did not live with his mother. He had a high school diploma and had earned average grades. He was a member of the National Guard, where he had undergone basic regular Army training and airborne training, and learned to operate weaponry, including hand grenades. Prior to this accident, he had run this chainsaw himself for about five minutes, cutting through a telephone pole on the ground. He knew a chainsaw was a dangerous instrument and that "[y]ou could be killed with it. . . . [I]f somebody were to come after you with it and they cut you with it, it'd kill you." However, he had "never thought about" causing injury in the way this injury occurred. He was assisting his father cut down a tree on his mother's property. Appellant's father was an experienced pulpwooder and logger. After they had cut and loaded the branches and debris, his father told his mother, the appellee, to keep everyone away from where he was cutting down the tree. Appellant did not hear this instruction. He went into the house with his mother and expressed his intention to leave and haul off the limbs and debris in his truck; the appellee said: "Well, Obie, why don't you help your daddy with the tree. . . . Just finish helping him before you leave here." Appellant then went out and moved his truck for fear the falling tree would hit it, and he went back to where the tree was being cut down. He approached his father from behind, and at that moment the chainsaw "kicked back" and struck him.

The trial court granted the appellee's motion for summary judgment, and appellant appeals. *Held:*

Assuming arguendo that the appellant was an invitee to whom the appellee landowner owed the duty to exercise ordinary care, or a licensee of whose presence the appellee was aware (*Barry v. Cantrell*, 150 Ga. App. 439, 440-441 (258 SE2d 61)); and even assuming the appellee, as wife of a logger and as having been told to keep everyone

away, possessed some degree of superior knowledge or comprehension of the specific danger of walking up on the blind side behind one operating a chainsaw, we yet find no causative connection between the appellee's having asked appellant, "why don't you help your daddy with the tree," and the appellant's having walked up immediately behind his father while he was operating the saw. It was not the appellant's having stayed to help his daddy with the tree that caused the accident. The appellant posited in deposition that if his mother had "never asked [him] to stay and help [he] would have been gone before the tree hit the ground"; but this is only a remote circumstance explaining why he was in the general area, and is not causative. She did not ask him to go near the saw at that moment in contravention of the father's admonition to keep everyone away. While appellant contends he was a child as far as his mother was concerned, he was not a child but had operated a chainsaw himself, had received a high school diploma and Army training in dangerous instrumentalities. He owed a duty of ordinary care for his own safety. His mother's general request to "stay and help" did not relieve him of that duty, or overbear his will to exercise it. Appellant contends, however, that he did not know the chainsaw would "kick back," and his mother did; he cites *Sutton v. Sutton*, 145 Ga. App. 22 (243 SE2d 310) as proving liability based upon such superior knowledge of the particular danger involved. However in that case, the defendant father made a specific request to the plaintiff to help recapture an escaped bull which the father, but not the plaintiff, knew had a propensity to charge when cornered. The specific request placed the plaintiff in a particularly dangerous position unknown to himself. In that case, we said: "However, a person is not expected to foresee and warn against dangers . . . not reasonably expected, and which would not occur except under exceptional circumstances or from unexpected acts of the person injured." Id. p. 25. The plaintiff's act in that case was not unexpected. Even assuming in this case the appellee-mother's superior knowledge of a chainsaw's propensity to "kick back," the plaintiff was not relieved of the duty of care for his own safety. The appellee could not reasonably have foreseen that upon a general request to "stay and help," the grown plaintiff would without any caution walk directly behind the chainsaw in operation. This was an unexpected act. Where it is palpably clear, plain and indisputable that the injury was caused by an unexpected act and not by any act of the defendant, or failure to act, the trial court can resolve the matter without intervention of the jury. *Witt v. Atcheson*, 166 Ga. App. 188 (303 SE2d 523); *Bolden v. Barnes*, 117 Ga. App. 862 (162 SE2d 307). The trial court did not err in granting summary judgment to the defendant.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED APRIL 28, 1987.

*John T. Croley, Jr.*, for appellant.
*Richard J. Joseph*, for appellee.