**THIRD DIVISION
ANDREWS, P. J.,
DILLARD and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**August 8, 2013**

# In the Court of Appeals of Georgia

A13A1042. AUBAIN-GRAY et al. v. HOBBY LOBBY STORES, INC.

ANDREWS, Presiding Judge.

While shopping on the premises of Hobby Lobby Stores, Inc., Marjorie Aubain-Gray picked up a candle holder. The glass globe resting on the top of the holder fell off and cut her right wrist. Aubain-Gray and her husband, Michael Gray, sued Hobby Lobby contending that Hobby Lobby's negligence in failing to keep its store in a safe condition was the cause of her injuries. On appeal, Aubain-Gray claims that the trial court erred in granting Hobby Lobby's motion for summary judgment and in denying her motion for spoliation sanctions. For the reasons set forth below, we disagree and affirm.

1. Aubain-Gray contends that the trial court erred in granting summary judgment to Hobby Lobby because there remain issues of material fact concerning whether a hazardous condition existed on Hobby Lobby's premises. We disagree.

In an appeal from the grant or denial of a motion for summary judgment, we review the law and the evidence de novo. See *Ford v. Bank of America Corp.*, 277 Ga. App. 708 (627 SE2d 376) (2006). Summary judgment is properly rendered when the evidence, construed in the nonmovant's favor, shows that no issue of material fact remains and the movant is entitled to judgment as a matter of law. See OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). To prevail on summary judgment, a defendant may show "that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case." Id.

So viewed, the evidence shows that Aubain-Gray went shopping at the Hobby Lobby store in Acworth in December 2008. Hobby Lobby grouped its merchandise by type, color, and material, and the home decor items were displayed, according to the store manager, "like [they] would appear at your home." After shopping for about 15 to 20 minutes, Aubain-Gray saw what she thought was a "yellowish glass vase" located on the top shelf and sitting "a little bit" above her eye level.

Thinking that the vase was one piece, Aubain-Gray picked up the base of the vase with her left hand in order to check the price. When she turned the vase over, the top portion dropped off and fell onto her right wrist, cutting her and causing nerve damage. Aubain-Gray deposed that if she had known that the vase consisted of more than one piece, she would have known not to lift it up.

According to the verified amendment to Aubain-Gray's complaint, the item she picked up was a multiple piece glass candle holder. The manager of the store in which Aubain-Gray was injured deposed that in a "globe type candle holder," the lamp portion is usually loose, explaining that "you have to put the candle in, light the candle, [and] clean the wax."

Aubain-Gray sued Hobby Lobby contending that her injuries were the proximate result of Hobby Lobby's negligence. According to Aubain-Gray, Hobby Lobby had actual knowledge that the candle holder was multiple pieces; but, when displayed on the shelf it appeared to be one piece. She alleged that Hobby Lobby was negligent in, among other things, failing to use ordinary care to keep its premises safe, in allowing its guests to be subject to unsafe products that were on sale on the premises, and in failing to post warning signs or markings. Hobby Lobby moved for summary judgment, and the trial court granted the motion. This appeal followed.

3

An owner is liable to an invitee for injuries caused by its "failure to exercise ordinary care in keeping the premises and approaches safe." (Punctuation omitted.) *Sipple v. Newman*, 313 Ga. App. 688, 689-690 (722 SE2d 348) (2012) (quoting OCGA § 51-3-1). As we have said,

> [a] proprietor's obligation to keep the premises safe includes a duty to inspect the premises to discover possible dangerous conditions of which he does not know and to take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement and use of the premises. The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is known to the owner and not known to the person injured that a recovery is permitted.

(Citation omitted.) *Thomas v. Home Depot, U.S.A.*, 284 Ga. App. 699, 700 (644 SE2d 538) (2007). A proprietor is not, however, the insurer of its customer's safety; rather, "what the law requires is such diligence toward making the premises safe as the ordinarily prudent businessman in such matters is accustomed to use." *Winn-Dixie Stores v. Hardy*, 138 Ga. App. 342, 344 (4) (226 SE2d 142) (1976).

In a premises liability case, the plaintiff's threshold burden is to show that the premises were defective or hazardous. See *Cohen v. Target Corp.*, 256 Ga. App. 91,

92 (567 SE2d 733) (2002); *Carroll v. Ga. Power Co.*, 240 Ga. App. 442, 443 (1) (523 SE2d 896) (1999). Although the candle holder's globe was made of glass, and perhaps hazardous to that extent, Aubain-Gray knew that she was handling a glass object and that people can be cut by glass, and Hobby Lobby did not possess superior knowledge of that danger. See *Thomas*, 284 Ga. App. at 700 (basis of proprietor's liability is its superior knowledge of the peril). The gravamen of Aubain-Gray's complaint, however, is that Hobby Lobby created a hazardous condition by displaying an item that appeared to be of one piece, but in fact consisted of multiple pieces, and by failing to provide any signage or warning to alert an invitee that there were fragile or multi-piece items on display. But "[m]erely stating that a condition is dangerous does not constitute evidence that it is so." *Ford*, 277 Ga. App. at 709. And although Aubain-Gray suffered an unfortunate injury, the occurrence of her injury, without more, does not itself show the existence of a hazardous condition or instrumentality. See *Metts v. Wal-Mart Stores*, 269 Ga. App. 366, 367-368 (604 SE2d 235) (2004) (although boxes fell from a display rack, injuring plaintiff, there was no evidence of a dangerous condition on the premises). Aubain-Gray did not come forward with any evidence to show that a display of a multi-piece item such a glass candle holder is a hazard. See *Ford*, 277 Ga. App. at 709 (finding that plaintiff failed to submit

5

competent evidence, such as expert testimony, that the chair at issue was defective or hazardous).

Furthermore, Hobby Lobby "is not obligated to protect its customers from any object that could present a danger to them." *Thomas*, 284 Ga. App. at 701. And "[a]n owner has no duty to foresee and warn against dangers which are not reasonably expected, and which would not occur except under exceptional circumstances or from unexpected acts of the person injured." (Citation and punctuation omitted.) Id. See *Branch v. Branch*, 182 Ga. App. 728 (356 SE2d 759) (1987) (accord). Here, Hobby Lobby's manager testified that there had not been an incident at the store in which a customer had been injured by a multi-piece glass item. In his experience, most of the time customers would handle a candle holder with two hands. Aubain-Gray does not point to evidence of a similar injury at a Hobby Lobby store. Thus, there is a lack of evidence that Hobby Lobby could reasonably expect, absent exceptional circumstances, that a customer would view a multi-piece candle holder as a one-piece vase and so handle it in a way leading to injury. See, e.g., *Thomas*, 284 Ga. App. at 702 (finding that the manner in which plaintiff was injured was not foreseeable because "none of the accidents [at Home Depot stores] involving tomato towers was in any way similar to the manner in which [plaintiff] was injured"). We agree with the

6

trial court that as there is no "evidence of the existence of a dangerous condition, there can be no evidence that [Hobby Lobby] had any knowledge of such a danger, and therefore no recovery for [Aubain-Gray]."[1] See *Metts*, 269 Ga. App. at 367.

2. Aubain-Gray also claims that the trial court erred in denying her motion for spoliation sanctions. We disagree.

Spoliation is "the destruction or failure to preserve evidence that is necessary to contemplated or pending litigation." (Emphasis, punctuation, and citation omitted.) *Silman v. Assoc. Bellemeade*, 286 Ga. 27, 28 (685 SE2d 277) (2009). We will not disturb a trial court's ruling resolving a spoliation issue absent abuse of discretion. See *Kitchens v. Brusman*, 303 Ga. App. 703, 705 (1) (694 SE2d 667) (2010).

Aubain-Gray moved for spoliation sanctions on the grounds that Hobby Lobby destroyed both the item that caused her injury and the store's surveillance video from the day of the incident. Hobby Lobby conceded that the disintegrated remains of the glass candle holder were discarded a few days after the accident and that the video "recorded over itself" after 30 days, but argued that it was not bound to preserve the evidence in absence of contemplated or pending litigation. In support of its argument,

_____

[1] In light of our findings, Aubain-Gray's additional arguments, apart from the spoliation issue, are moot.

Hobby Lobby produced the affidavit of its liability claims supervisor averring Hobby Lobby first learned that Aubain-Gray was contemplating litigation on February 9, 2009, when it received a letter of representation from Aubain-Gray's counsel. The trial court concluded that because the evidence in question was destroyed weeks before Hobby Lobby had notice of contemplated or pending litigation, it could not be sanctioned for spoliation.

Although Aubain-Gray was injured in an accident, this, "without more, is not notice that the injured party is contemplating litigation sufficient to automatically trigger the rules of spoliation." (Citation and punctuation omitted.) *Craig v. Bailey Bros. Realty*, 304 Ga. App. 794, 796-797 (1) (697 SE2d 888) (2010). Aubain-Gray contends that Hobby Lobby knew or should have known that ligation was pending or contemplated because the store manager told her that Hobby Lobby would pay her medical bills. However, "notice of potential *liability* is not the same as notice of potential *litigation*." Id. at 796 (1). Further, "a voluntary offer of assistance made on the impulse of benevolence or sympathy," such as an offer to pay medical bills, is not considered to be an admission of liability. *Brown v. Host/Taco Joint Venture*, 305 Ga. App. 248, 253 (699 SE2d 439) (2010). See *Abundant Animal Care v. Gray*, 316 Ga. App. 193, 195 (1) (728 SE2d 822) (2012) (accord). Thus, we can find no fault with

8

the trial court's finding that the store manager's alleged offer was insufficient to put Hobby Lobby on notice of pending or contemplated litigation.

Additionally, Hobby Lobby's store manager averred that on the date of the accident he had no reason to believe that Aubain-Gray was contemplating litigation. The manager stated that if he had thought Aubain-Gray was contemplating litigation he would have included that impression in the report he sent to the corporate office. He also represented that the information he gathered in response to the incident was the same information that would be gathered for any accident in the store. According to the manager, he did not review the store's videotape because no camera was in a position to have shown the candle holder or the incident. See *Powers v. Southern Family Markets of Eastman*, 320 Ga. App. 478, 479 (1) (740 SE2d 214) (2013) (where, among other things, store manager investigated and reported accident as a matter of routine practice, trial court did not abuse its discretion in finding that defendant lacked notice that litigation was pending or contemplated at the time it failed to preserve the video); *Paggett v. Kroger Co.*, 311 Ga. App. 690, 692-693 (2) (716 SE2d 792) (2011) (under the circumstances, including manager's testimony that he did not believe that customer's fall might lead to litigation at the time he filled out the incident report, and that the manager did not review the video recording, the trial

court did not abuse its discretion in finding that no presumption of spoliation arose from defendant's failure to preserve the video record). We find no abuse of discretion in the trial court's denial of Aubain-Gray's motion for spoliation sanctions. See id.

*Judgment affirmed. Dillard and McMillian, JJ., concur.*