**FIFTH DIVISION
RICKMAN, C. J.,
MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**December 1, 2021**

# In the Court of Appeals of Georgia

A21A1753. WESTMORELAND v. WALGREEN CO.

MCFADDEN, Presiding Judge.

In this premises liability action, Nicole Westmoreland appeals the grant of summary judgment to Walgreen Co., which does business as Walgreens. Westmoreland has failed to point to admissible evidence creating a jury question on the issue of whether Walgreens had superior knowledge of the instrumentality that allegedly caused her injury. So we affirm.

A trial court may grant summary judgment when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. OCGA § 9-11-56 (c). A defendant may demonstrate that it is entitled to summary judgment "by either presenting evidence negating an essential element of the plaintiff's claims or establishing from the record an absence of evidence to support

such claims." *Cowart v. Widener*, 287 Ga. 622, 623 (1) (a) (697 SE2d 779) (2010) (citation and punctuation omitted). Once the defendant has met this burden, the plaintiff "must point to specific evidence giving rise to a triable issue" or suffer summary judgment. Id. (citation and punctuation omitted).

"We review the grant or denial of a motion for summary judgment de novo, and we must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant." *Pennington v. Gwinnett County*, 329 Ga. App. 255 (764 SE2d 860) (2014) (citation and punctuation omitted).

So viewed, the record shows that Westmoreland intended to purchase a six-pack of beer at a Walgreens store. As she was removing the package from the cooler, bottles of beer fell through the bottom of the package. Some of the bottles broke when they hit the floor, and glass from the broken bottles injured Westmoreland's feet and legs. The trial court granted Walgreens's motion for summary judgment, and this appeal followed.

Although "OCGA § 51-3-1 imposes upon an owner the duty to exercise ordinary care to keep the premises and approaches safe for invitees[, the] duty is not a duty to absolutely prevent injury as a proprietor is not an ensurer of the safety of its customers." *Thomas v. Home Depot, U.S.A.*, 284 Ga. App. 699, 700 (644 SE2d 538)

2

(2007). "The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is known to the owner and not known to the person injured that a recovery is permitted." *Aubain-Gray v. Hobby Lobby Stores*, 323 Ga. App. 672, 673 (1) (747 SE2d 684) (2013) (citation and punctuation omitted).

In support of its motion for summary judgment, Walgreens argued that it lacked superior knowledge of the hazard that allegedly caused Westmoreland's injuries. It presented to the trial court the affidavit of the assistant store manager who testified that he had worked at the store for 16 or 18 months, and that prior to and after the incident involving Westmoreland, there had been no similar incidents.

To create a jury question on the issue of Walgreens's superior knowledge, Westmoreland relies on her own deposition testimony. At her deposition, Westmoreland testified that a Walgreens employee told her that a similar incident had happened just a week before and that the employee had informed Walgreens that the cooler was too high. Westmoreland also testified that she overheard a Walgreens employee tell another Walgreens employee that bottles fell out of the cooler "again."

As Walgreens argues on appeal (and argued in the trial court), this testimony was hearsay. OCGA § 24-8-801 (c). "All hearsay evidence, unsupported conclusions,

and the like, must be stricken or eliminated from consideration in a motion for summary judgment." *Goodhart v. Atlanta Gas Light Co.*, 349 Ga. App. 65, 72 (2) (a) (825 SE2d 465) (2019) (citation and punctuation omitted). See also OCGA § 24-8-802 (objected-to hearsay is not admissible). This hearsay does not create a question of fact so as to support the reversal of the trial court's grant of summary judgment to Walgreens.

Westmoreland briefly argues that her deposition testimony could be admissible under the excited utterance exception to the hearsay rule. But she has not shown that the excited utterance exception could apply.

An excited utterance is "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition[.]" OCGA § 24-8-803 (2) (Rule 803). Westmoreland makes no argument and points to no evidence to support her contention that the testimony is subject to the excited utterance exception. Crucially, she points to no evidence "that show[s the speakers were] actually experiencing stress or excitement at the time of [their] statement[s] to [Westmoreland] so as to eliminate the possibility of fabrication, coaching, or confabulation and provide sufficient assurance that the statement[s were]

trustworthy and that cross-examination would be superfluous." *Jenkins v. State*, 303 Ga. 314, 318 (2) (812 SE2d 238) (2018) (citation and punctuation omitted).

Westmoreland asserts that the statements may be adverse to the interest of Walgreens, perhaps intending to invoke OCGA § 24-8-801 (d) (2), which provides that admissions by a party-opponent shall not be excluded by the hearsay rule. But her brief contains no legal analysis or citation of authority supporting such a claim, which thus is deemed abandoned. See *Hutchinson v. Whaley*, 333 Ga. App. 773, 776-777 (2) (777 SE2d 251) (2015). See also *Seabrooks v. State*, 306 Ga. 670, 671 (2) (832 SE2d 847) (2019).

Westmoreland refers in her brief to res ipsa loquitur, seemingly to contend that the issue of Walgreens's negligence is a jury question because there is no other explanation for the incident. Res ipsa loquitur "is an evidentiary based rule which provides for an inference of negligence to arise from the occurrence of an injury-causing incident." *Matthews v. Yoplait USA*, 352 Ga. App. 591, 593 (835 SE2d 393) (2019) (citation and punctuation omitted). The doctrine applies where: "(1) the injury is of a kind which ordinarily does not occur in the absence of someone's negligence; (2) [the injury was] caused by an agency or instrumentality within the exclusive control of the defendant; and (3) [the injury was not] due to any voluntary

action or contribution on the part of the plaintiff." *Kmart Corp. v. Larsen*, 240 Ga. App. 351, 352 (522 SE2d 763) (1999) (citations and punctuation omitted).

But the doctrine does not apply here. We have held that a "defendant store does not retain exclusive control over the item [that allegedly caused the plaintiff's injury] as a matter of law . . . where the uncontroverted evidence reflects that the item was within the reach of other customers." *Aderhold v. Lowe's Home Centers*, 284 Ga. App. 294, 295 (643 SE2d 811) (2007). Here, the six-pack "had not been in [Walgreens's] exclusive control because the undisputed evidence showed that the package had been placed on a [shelf in a cooler] and was readily accessible to other customers." *Sheats v. Kroger Co.*, 336 Ga. App. 307, 312 (4) (784 SE2d 442) (2016).

Westmoreland references spoliation. She seems to argue that Walgreens had notice that she contemplated litigation so it had a duty to preserve the six-pack's packaging, and its failure to do so triggers a rebuttable presumption that the packaging would have been harmful to Walgreen, defeating its entitlement to summary judgment. See *Baxley v. Hakiel Indus.*, 282 Ga. 312, 313 (647 SE2d 29) (2007). See also OCGA § 24-14-22. To show that Walgreens was on notice of contemplated litigation, Westmoreland points to Walgreens's assistant manager's apology to her after the incident, his offer to pay the cost of her seeing a doctor, and

6

the transmission of an email from a "Senior Claims Consultant" and "Vice President, Legal and Deputy General Counsel."

"[W]hether spoliation occurred is a question of fact, to be decided by the court . . . ." *Hillman v. ALDI, Inc.*, 349 Ga. App. 432, 444 (4) (825 SE2d 870) (2019). "[T]he trial court must determine whether spoliation occurred, whether the spoliator acted in bad faith, the importance of the compromised evidence, and so on." *MARTA v. Tyler*, 360 Ga. App. 710, 712 (1) (860 SE2d 224) (2021) (citation and punctuation omitted). Here, the trial court found that Westmoreland presented no evidence to support a claim of spoliation. Indeed, Westmoreland does not even point to evidence that the packaging was destroyed, particularly considering that Walgreens denied Westmoreland's request for admission that "Walgreens does not have in its possession the damaged packaging, or any visual representation of it."

As the trial court found, Westmoreland did not request the beer packaging during discovery, raise any dispute concerning the production of the beer packaging during discovery, or depose any of Walgreens's witnesses. So even were we to accept Westmoreland's contention that Walgreens was on notice that she contemplated litigation, she has not shown that Walgreens failed to preserve the evidence.

*Judgment affirmed. Rickman, C. J., and Senior Appellate Judge Herbert E. Phipps concur.*